UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID LEWIS,

          Plaintiff,

    v.

JOSEPH LEHMAN,

          Defendant.

Case No.  C05-5386RBL

REPORT AND RECOMMENDATION

Noted for September 16, 2005

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff has previously been granted leave to proceed *in forma pauperis*, and now, this matter is before the court due to plaintiff's failure to respond to the court's order to cure certain deficiencies, if possible, by filing an amended complaint (Dkt. # 6) issued on June 23, 2005.  For the reasons set forth below, I recommend that this complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915.

DISCUSSION

Frivolous *in forma pauperis* complaints may be dismissed before service of process under 28 U.S.C. § 1915.  Neitzke v. Williams, 490 U.S. 319, 324 (1989).  A complaint is frivolous if "it lacks an arguable basis in law or in fact."  Id. at 325.  Leave to amend is not necessary where it is clear that the deficiencies in the complaint cannot be cured by amendment.  Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984).  Plaintiff's complaint should be dismissed as frivolous.

On June 23, 2005, the court reviewed plaintiff's complaint and found it was deficient because plaintiff failed to show how the named defendant personally participated in the alleged violation.  The court

REPORT AND RECOMMENDATION
Page - 1

1  gave Mr. Lewis the opportunity to cure these deficiencies and/or to amend his complaint by not later than
2  July 29, 2005.  To date the clerk has not received any further pleadings from the plaintiff in this matter.

3  <u>CONCLUSION</u>

4  Plaintiff's complaint contains a significant fatal error, and though he was given the opportunity to
5  cure those deficiencies by filing an amended complaint, plaintiff has failed to respond to the court's order
6  to show cause why this matter should not be summarily dismissed.  Accordingly, the undersigned
7  recommends that the Court dismiss this complaint prior to service as frivolous pursuant to 28 U.S.C.
8  §1915.

9  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties
10 shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.
11 Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474
12 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter
13 for consideration on **September 16, 2005**, as noted in the caption.

14 DATED this 16th day of August, 2005.

16 */s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge